UNITED STATES of America,
Plaintiff–Appellee,

v.

Phillip W. O'DELL, Defendant–
Appellant.

No. 91–5082.

United States Court of Appeals,
Tenth Circuit.

June 2, 1992.

Craig Bryant, Asst. Federal Public Defender (Richard Couch, Asst. Federal Public Defender, on the brief), Tulsa, Okl., for defendant-appellant.

Kenneth Snoke, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., and Gordon B. Cecil, Asst. U.S. Atty., on the brief), Tulsa, Okl., for plaintiff-appellee.

Before LOGAN and McWILLIAMS, Circuit Judges, and SPARR, District Judge.*

LOGAN, Circuit Judge.

Defendant Phillip Wayne O'dell pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. His presentence report determined an offense level of eight and a criminal history category of V. The corresponding sentencing guideline range is from fifteen to twenty-one months. The district court, however, departed from the sentencing guideline range and imposed a sentence of twenty-six months imprisonment. Defendant has appealed this upward departure.

■ A court may depart from the sentencing guideline range in an appropriate case. *See, e.g.,* 18 U.S.C. § 3553(b); *United States v. Jackson,* 921 F.2d 985 (10th

---

* The Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation.

Cir.1990) (en banc); *United States v. White*, 893 F.2d 276 (10th Cir.1990). A sentencing court that departs from the sentencing guidelines range, however, must give a sufficient explanation for the departure, which must include the following: "First, a district court must explain why the Guidelines sentence is inadequate. Second, the court must identify a sufficient factual basis for departure. Third, the court must explain why that specific degree of departure is reasonable." *Jackson*, 921 F.2d at 989.

Defendant acknowledges that the district court explained why it believed the guidelines sentence was inadequate and identified a sufficient factual basis for departure. Defendant admits to committing two automobile burglaries and concedes that on this basis alone the court was justified in departing from the guidelines sentence. He argues, however, that it was error for the judge to rely, in addition to the burglaries, upon other criminal activity set out in his presentence report to which he did not admit guilt. The record indeed indicates that the judge relied, in part, upon other alleged criminal conduct in the presentence report to justify departure from the guidelines sentence. The sentencing judge stated:

> I do feel that the other criminal conduct would and should justify an upward departure, that is the two automobile burglaries for which you have not been charged and the fact that the Kansas police recovered two stolen vehicles which [you] and your wife had been driving, and the fact that the authorities in some of the Kansas counties where you have been prosecuted discovered other worthless checks allegedly written by you for which you are not being prosecuted, and I feel that these other crimes or other conduct are not appropriately covered or addressed in the calculation of the prior criminal offense and I think that these issues have to be considered by the Court an upward departure.

III R. 5; *see also* I R. tab 7 at 5.

Although we agree that the two automobile burglaries alone provide a sufficient factual basis for departure, U.S.S.G. § 4A1.3, p.s., we address the issue of the other criminal conduct because it inevitably impacts the reasonableness of the degree of departure.

We review the district court's findings of fact under a clearly erroneous standard; "[w]e will reverse only if we are left with a definite and firm conviction that a mistake has been committed." *United States v. Johnson*, 911 F.2d 403, 406 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1004, 112 L.Ed.2d 1087 (1991).

■ The presentence report stated: "During the investigation of Odell, for crimes committed in Kansas, police recovered two stolen vehicles, which the defendant and his wife had been driving. Authorities in some of the Kansas counties where he has been prosecuted, discovered other worthless checks allegedly written by Odell for which he is not being prosecuted." II R. 10 at ¶¶ 39–40. Defendant argues that for the judge to consider this information in sentencing him, the allegations must have been proved by a preponderance of the evidence under *United States v. Easterling*, 921 F.2d 1073 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). We do not agree. *Easterling* does establish that contested facts in a presentence report must be established by a preponderance of the evidence. *Id.* at 1078. However, facts that are uncontested at the sentencing hearing may be relied upon by the court and do not require production of evidence at the hearing. At his sentencing hearing defendant did not object to the presentence report and specifically did not contest the other criminal conduct. Accordingly, the government was not required to produce evidence in support of this unchallenged conduct. "Fed.R.Crim.P. 32(c)(3)(A) provides that the defendant must challenge the presentence report if he alleges a factual inaccuracy," otherwise he waives the right to challenge those facts on appeal. *United States v. Padilla*, 947 F.2d 893, 895 (10th Cir.1991); *United States v. Kay*, 961 F.2d 1505, 1507 (10th Cir.1992); *cf.* Fed.

R.Crim.P. 32(c)(3)(D); *Johnson,* 911 F.2d at 406.

Finally, we consider whether the degree of departure is reasonable. *See, e.g., White,* 893 F.2d at 278. Our opinions have required the district court to explain the specific degree of departure by providing some method of analogy, extrapolation or reference to the sentencing guidelines. *Jackson,* 921 F.2d at 991. We have treated the statement of reasons for degree of departure as an absolute requirement: "We will not rationalize a district court's departure from the Guidelines—either the decision to depart or the degree of departure." *Id.* at 989–90; *see also United States v. Kalady,* 941 F.2d 1090, 1100 (10th Cir.1991) (explanation for degree of departure is distinct from reasons for departure); *United States v. St. Julian,* 922 F.2d 563, 569 (10th Cir.1990) (guidelines are not discarded after deciding to depart).

■ In the instant case, the district court failed to provide such a precise statement. The Supreme Court, however, recently has spoken on the standards of appellate review of district court departures from the sentencing guidelines. *Williams v. United States,* —— U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). There the Supreme Court was considering partially improper grounds for departure, rather than reasons for the degree of departure. Nevertheless, *Williams* treated when a remand to the district court is necessary, and requires a remand only when the court of appeals believes the district court would not have imposed the same sentence in the absence of the error, and that the departure was reasonable in light of the grounds for departing:

> If the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required under § 3742(f)(1), and the court of appeals may affirm the sentence as long as it is also satisfied that the departure is reasonable under § 3742(f)(2). The reasonableness determination looks to the amount and extent of the departure in light of the grounds for departing. In assessing. reasonableness under § 3742(f)(2), the Act directs a court of appeals to examine the factors to be considered in imposing a sentence under the Guidelines, as well as the district court's stated reasons for the imposition of the particular sentence. § 3742(e). A sentence thus can be "reasonable" even if some of the reasons given by the district court to justify the departure from the presumptive guideline range are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure.

*Id.,* 112 S.Ct. at 1121; *see also id.* at 1128 (White, J., dissenting) ("In light of the surviving reasons enunciated by the district court, the appellate court must determine for itself the 'reasonableness' of the departure under the factors to be considered when imposing sentence.").

■ In the case before us the district court stated with specificity the reasons for departure and imposed a modest upward departure. The degree of departure, only five months, is clearly reasonable in view of the two uncharged automobile burglaries, uncharged possession of two stolen vehicles and uncharged crimes involving worthless checks. As we understand our appellate responsibility as set out in *Williams,* we should not remand if we are satisfied, as we are, that the district court would impose the same, reasonable sentence if we required it to articulate with the detail specified in *Jackson* and its progeny. Therefore, we AFFIRM the district court's judgment and sentence.