56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff--Appellee,
v.
Curtis Frank BROOKS, Defendant--Appellant.
 No. 93-5262.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Curtis Frank Brooks pled guilty to all five counts of a superseding indictment charging him with armed carjacking in violation of 18 U.S.C. 2119 (Counts 1 and 3); possession of a firearm during the commission of a violent felony in violation of 18 U.S.C. 924(c)(1) (Counts 2 and 4); and possession of a firearm after a former felony conviction in violation of 18 U.S.C. 922(g)(1) and 18 U.S.C. 924(e)(1) (Count 5). In imposing the guideline sentence for Count 5, the district court departed upward from criminal history category VI to an artificial criminal history category of IX and sentenced Brooks to 334 months imprisonment.
 
 
 3
 On appeal, Mr. Brooks' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating his opinion that no meritorious issue could be raised on appeal and asking leave to withdraw. In compliance with Anders, counsel's brief explains that the district court's decision to depart upward is the only matter "in the record that might arguably support the appeal." Id. Mr. Brooks received a copy of counsel's brief and was given time to raise any points that he wished. He made no responsive filing. Nonetheless, our independent review of the record reveals that there were no objections to the presentence report and no issues raised at sentencing. Therefore, we presume Mr. Brooks wishes to appeal the district court's upward departure. Exercising jurisdiction under 18 U.S.C. 3742, we grant counsel's motion to withdraw and affirm Mr. Brooks' sentence.
 
 BACKGROUND
 
 4
 The offenses to which Mr. Brooks pled guilty were part of a four-state, sixty-day crime spree that included numerous robberies, kidnappings, auto thefts, and sexual assaults. This crime spree resulted in the sentence presently at issue, as well as additional sentences in the District Court of Tulsa County, Oklahoma and the United States District Court for the Northern District of Texas. Following his guilty plea, the United States Probation Office prepared a presentence report ("PSR") which calculated a total offense level of 31 for Counts 1, 3, and 5, and a criminal history category of VI under the United States Sentencing Commission, Guidelines Manual.[2] Using these computations, the guidelines provide for imprisonment as follows: Counts 1, 3, and 5, 188 to 235 months; Count 2, 60 months to run consecutively with Counts 1, 3, and 5; and Count 4, 240 months to run consecutively with Count 2. The PSR then recited several factors that could justify upward departure in this case. See R. Vol. II paras. 132-35. Included among these was the fact that three of Brooks' prior felony convictions were not included in the criminal history calculation because they took place prior to the applicable time period as directed in USSG 4A1.2(e)(1).[3]
 
 
 5
 At the sentencing hearing the district court adopted the findings contained in the PSR as well as the Probation Officer's calculations of offense level 31 and criminal history category VI. R. Vol. III at 28. The court then decided, with regard to Count 5, to depart upward from criminal history category VI. In doing so the district court carefully followed our mandate to tie the departure to the guidelines. The district court constructed an artificial criminal history category of IX with a sentencing range of 267 to 334 months, and sentenced Mr. Brooks to 334 months imprisonment for Count 5 to run concurrently with Counts 1 and 3. This appeal followed.
 
 DISCUSSION
 
 6
 We review a sentencing court's upward departure in three steps. United States v. Yates, 22 F.3d 981, 986 (10th Cir.1994); United States v. Tisdale, 7 F.3d 957, 961 (10th Cir.1993), cert. denied, 114 S.Ct. 1201 (1994); United States v. Flinn, 987 F.2d 1497, 1500 (10th Cir.1993); United States v. White, 893 F.2d 276, 277 (10th Cir.1990). First, we determine whether the circumstances cited by the district court warrant a departure from the guidelines as a matter of law. Id. at 277-78. Second, we review the court's factual determinations underlying the asserted justification for departure to determine if they are supported by the record. Id. at 278. Third, we determine whether the degree of departure is reasonable. Id.; see 18 U.S.C. 3742(e)(3).
 
 A. Decision to Depart
 
 7
 We consider first whether a departure is warranted. A sentencing court may depart from the guideline sentence only if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' " White, 893 F.2d at 277-78 (quoting 18 U.S.C. 3553(b)). In determining whether a departure from the guidelines is warranted, "the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." USSG 1B1.4. We review de novo whether the district court justified its decision to depart by citing appropriate circumstances. United States v. Gentry, 31 F.3d 1039, 1040 (10th Cir.1994); Tisdale, 7 F.3d at 962; United States v. Thornton, 922 F.2d 1490, 1493 (10th Cir.1991).
 
 
 8
 Departure in the instant case was expressly predicated upon USSG 4A1.3 which authorizes departure when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." USSG 4A1.3, p.s. Additionally, the guidelines expressly allow for the possibility of upward departures from the highest criminal history category in the case of "an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history." Id.
 
 
 9
 The district court, explaining its departure, provided the following reasons why criminal history category VI was inadequate. The district court referred to the three prior burglary convictions and sentences which escaped being counted in Brooks' criminal history calculations because of their age. R. Vol. III at 30. The court also referred to the fact that Brooks had committed numerous crimes, similar to the instant offense, in other jurisdictions, for which he will not be prosecuted as a result of a lengthy sentence already imposed in the Northern District of Texas. Id. Additionally, the court emphasized the similarity between the instant offense and the defendant's prior criminal misconduct. Id. Finally, the court noted the overall seriousness of the defendant's criminal record and indicated its concern regarding the need to protect society from Mr. Brooks in the future. Id. at 29-30. In reflecting on Mr. Brooks' life of crime the court observed:
 
 
 10
 [I]t's apparent to this court that the criminal history of Mr. Brooks is such that he's one of these rare people that come along in society every once in a while that simply can't live in society, that has to be removed, has to be warehoused, has to be incapacitated for life. There isn't any question about that.
 
 
 11
 * * * *
 
 
 12
 ... Mr. Brooks has a lengthy history of committing violent sexual assaults, including sodomy, also robberies and burglaries, and Mr. Brooks invariably uses loaded firearms to achieve his objective. Also, he has committed many of these offenses while on parole or bond, conduct which depicts him as an offender who will likely repeat should he ever be released, because such criminal conduct by Mr. Brooks is clearly habitual within him. Id. at 22-23, 30.
 
 
 13
 The question of whether upward departure was warranted in this case is easily answered because both the Sentencing Commission and this court have explicitly indicated that each of the district court's cited reasons might provide an acceptable ground for upward departure. First, USSG 4A1.3(a) provides that departure may be warranted if a prior sentence that is not used in computing criminal history indicates that a defendant's criminal history does not adequately reflect the seriousness of defendant's past criminal conduct or likelihood that he will commit other crimes. See also id. 4A1.2, comment. (n.8) (providing that court can depart upward based on a prior sentence imposed outside the applicable time period if it finds that the sentence is evidence of similar or dissimilar criminal conduct). Second, the guidelines provide that information concerning "prior similar adult criminal conduct not resulting in a criminal conviction," may also provide the basis for an upward departure. USSG 4A1.3(e), p.s.; see Thornton, 922 F.2d at 1493. We have previously indicated that this may include consideration of criminal conduct for which the defendant will not be prosecuted and might not be charged. United States v. O'Dell, 965 F.2d 937, 938 (10th Cir.1992); United States v. Russell, 905 F.2d 1450, 1453 (10th Cir.), cert. denied, 498 U.S. 904 (1990).[4] Third, the background commentary to 4A1.1 indicates that the similarity of a defendant's present conduct to recurrent past reprehensible behavior is an appropriate departure criterion under 4A1.3. As we have previously explained, the guidelines do not factor within the criminal history computation any variable to account for the similarity of a defendant's prior criminal conduct to the present offense(s). Instead, " '4A1.3 permits information about the ... similarity of past conduct underlying prior convictions to be used as a basis for imposing a sentence outside the applicable guideline range.' " United States v. Jackson, 903 F.2d 1313, 1320 (10th Cir.) (quoting USSG 4A1.1, comment (backg'd.)), rev'd on other grounds, 921 F.2d 985 (10th Cir.1990) (en banc). Departure on this ground is justified because the similarity of a defendant's criminal conduct may indicate the seriousness of the past crimes as well as the likelihood of future crimes. See id. ("The recidivist's relapse into the same criminal behavior reveals his lack of recognition of the gravity of his original wrong, entails greater culpability for the offense with which he is currently charged, and suggests an increased likelihood that the offense will be repeated again.' " (quoting United States v. DeLuna-Trujillo, 868 F.2d 122, 125 (5th Cir.1989)); see also Flinn, 987 F.2d at 1500; Russell, 905 F.2d at 1454. Finally, we have also indicated that in deciding whether to depart upward, a district court may properly consider the need to protect society from a particular defendant. See United States v. Kalady, 941 F.2d 1090, 1099 (10th Cir.1991); see also 18 U.S.C. 3553(a)(2)(C). Thus, we find the reasoning provided by the district court more than sufficient to justify an upward departure on the ground that Mr. Brooks' criminal history category manifestly under represented the seriousness of his past criminal involvement and his propensity to commit future crimes.
 
 B. Support for Factual Determinations
 
 14
 The factual basis for the district court's findings are not in dispute. Mr. Brooks did not contest the factual accuracy of the PSR from which the district judge made his findings, even though adequate opportunity to do so was given at the sentencing hearing. R. Vol. III at 3. Therefore, we have no difficulty concluding that the grounds cited by the district court had a factual basis in this case. See, e.g., Russell, 905 F.2d at 1455; White, 893 F.2d at 278.
 
 C. Degree of Departure
 
 15
 The district court's determination as to the appropriate degree of departure is entitled to deference and will not be overturned lightly. See White 893 F.2d at 279. In Williams, the Supreme Court emphasized that the appellate review of sentences permitted by the Sentencing Reform Act is limited and "does not alter a court of appeals' traditional deference to a district court's exercise of its sentencing discretion." Williams 503 U.S. at 205. "[I]t is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.' " Id. (quoting Solem v. Helm, 463 U.S. 277, 290 n. 16 (1983)); see Tisdale, 7 F.3d at 965.
 
 
 16
 Acknowledging the deference owed to the sentencing court, we have concluded that the "court need only give a reasonable methodology hitched to the Sentencing guidelines to justify the reasonableness of the departure." United States v. Harris, 907 F.2d 121, 124 (10th Cir.1990); see United States v. Jackson, 921 F.2d 985, 991 (10th Cir.1990) (en banc). The district court is not required to "invent a mathematical formula which should be used in all instances." Flinn, 987 F.2d at 1504. However, the district court's chosen methodology must be explicit. Id.
 
 
 17
 In this case, the district court set forth in detail how it arrived at the departure range of 267 to 334 months. See R. Vol. III at 30-31. In accordance with USSG 4A1.2(a)(2) and 4A1.1, the district court assigned one criminal history point for each of the prior burglary convictions that went unaccounted for in Mr. Brooks' criminal history calculation. This resulted in a total of twenty-three criminal history points which the court determined would be equivalent to an artificial criminal history category of IX. Then, based upon the guidelines' incremental increase of approximately 10-15% between criminal history categories, the district court was able to calculate an artificial guideline range of 267 to 334 months for offense level 31 and criminal history category IX.
 
 
 18
 There is no justification in this case for us to interfere with the district court's sentencing discretion. The district court's approach linked the extent of the departure to the structure of the guidelines, and the district court provided a detailed explanation of its methodology. Therefore, we have no difficulty concluding that the degree of departure was reasonable. See Jackson, 921 F.2d at 993.
 
 
 19
 For the reasons stated above, we AFFIRM the sentence imposed by the district court and GRANT counsel's request to withdraw. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The penalties for Counts 2 and 4 are statutorily determined. See 18 U.S.C. 924(c); USSG 2K2.4(a)
 
 
 [3]
 In 1966 Brooks was convicted of three separate second-degree burglaries. R. Vol. II para. 82
 
 
 [4]
 The PSR, which the district court adopted, referred to USSG 4A1.3(c) as the subsection supporting an upward departure based upon the fact that the defendant would not be prosecuted for numerous crimes committed during same general time period as the instant offenses. Reference to 4A1.3(c) as supporting an upward departure based upon similar conduct for which a defendant has not or will not be prosecuted is a misstatement. The correct sentencing guideline subsection is 4A1.3(e)
 The district court's citation to the wrong subsection, however, is not fatal to sentencing. Even if the district court's reasoning or explanation on this particular point was made unclear by its citation of the wrong subsection, our responsibility is well defined. Our appellate responsibility, as set out in Williams v. United States, 503 U.S. 193, 203 (1992), requires a remand "only when the court of appeals believes the district court would not have imposed the same sentence in the absence of the error." O'Dell, 965 F.2d at 939; see Tisdale, 7 F.3d at 965 n. 8. We are satisfied that in this case the district court judge would impose the same sentence absent the error.