67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Janis L. HORTON, Defendant-Appellant.
 No. 95-3107.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Janis L. Horton appeals her sentence of 120 months incarceration. Defendant pled guilty to four counts of robbery, 18 U.S.C.1951, and one count of carrying a firearm in connection with a crime of violence, 18 U.S.C. 924(c). Upon the government's motion, the district court departed downwards from the applicable sentencing guidelines range. Nevertheless, Defendant claims the district court sentenced her in "violation of law" because the court did not state "the specific reason" for the downward departure as required by 18 U.S.C. 3553(c)(2). Our jurisdiction to review this matter arises under 18 U.S.C. 3742(a)(1) and 28 U.S.C. 1291.[3] We affirm.
 
 I.
 
 2
 In the winter of 1994, Defendant and two co-defendants, John Bolton and Paul Allen, committed numerous armed robberies in Wichita, Kansas, to obtain funds to purchase crack cocaine. The government subsequently indicted Defendant on four counts of robbery, 18 U.S.C.1951, and four counts of carrying a firearm during those robberies, 18 U.S.C. 924(c).
 
 
 3
 Pursuant to a plea agreement, Defendant pled guilty to the four robbery counts and one of the four firearms counts. In addition to dismissing the remaining three firearms counts (each of which carried mandatory consecutive terms of 20 years imprisonment under 924(c)(1)), the government agreed to move for a departure from the guidelines range if "in the [government's] ... sole discretion," Defendant's cooperation in the prosecution of her co-defendants amounted to "substantial assistance" under U.S.S.G. 5K1.1. The government expressed, however, that the district court would ultimately determine Defendant's sentence. Vol. I, Doc. # 80 at Exh. A.
 
 
 4
 Based upon a total offense level of 27 and a criminal history category of III, the presentence report set Defendant's guidelines range for the four robberies between 87 and 108 months. Additionally, under 18 U.S.C. 924(c), Defendant was subject to a mandatory five year (60 months) consecutive term sentence on the firearms charge. Thus, Defendant faced a 147 to 168 month term of imprisonment without the downward departure.
 
 
 5
 The district court sentenced Defendant to 120 months imprisonment. The court made no specific factual findings. Rather, the court reasoned:
 
 
 6
 Let me just capsule what I understand is the present state of affairs then. Guidelines represent a sentence from 87 to 108 months. There was no agreement to be sentenced at the low end. She records a criminal history of 3 and in light of that I'm not inclined to consider the low end of the guidelines but rather to sentence her to 108 months plus 60 months which runs consecutive to the [108 months]....
 
 
 7
 Having said that, I now have in hand the United States' motion for departure which in addition to ... 3 points for acceptance and in light of her cooperation, and I appreciate it was considerable, to request that the sentence be departed from to that of 60 months on [the four robbery counts] ... these to run concurrent ... and then as to [the firearm count] ... to be sentenced to 60 months.
 
 
 8
 Given the recommendation of the United States, I'll agree to that and will depart consistent with that....
 
 
 9
 Vol. V, Doc. 131 at 12-13.[4] This appeal followed.
 
 
 10
 On appeal, Defendant asserts we should remand for resentencing because the district court inadequately specified its reasons for the downward departure. Moreover, Defendant asserts that we should instruct the district court on remand to consider not only her assistance to the government, but also her: (1) risk of personal injury from co-defendant John Bolton, and (2) diminished capacity due to the duress and coercion of Bolton. We reject Defendant's arguments.
 
 II.
 
 11
 Section 3553(b) of Title 18 authorizes downward departure from a sentencing guidelines range.[5] We review a district court's decision to depart downwards from the guidelines under the three-part test announced in United States v. Maldonado-Campos, 920 F.2d 714 (10th Cir.1990).
 
 
 12
 First we determine de novo whether the circumstances admit of a factor not adequately taken into account by the Sentencing Commission which would justify departure. Next, we review the district court's factual determinations supporting departure under a clearly erroneous standard. Finally, under 18 U.S.C. 3742(e)(3) we determine whether the degree of departure was reasonable.
 
 
 13
 Id. at 719-20.
 
 
 14
 To ensure meaningful appellate review, a district court which departs downwards from a sentencing guidelines range should give a sufficient explanation for the departure. Applying Maldonado-Campos, the court should first explain why the guidelines sentence is inappropriate. Next, the court should identify the facts justifying the departure. Finally, the court should explain why the degree of departure is reasonable. United States v. O'Dell, 965 F.2d 937, 938 (10th Cir.1992).
 
 
 15
 Reviewing a downward departure from the guidelines range is difficult when the district court's findings are inadequate or unclear. We encourage the district court to be mindful of its responsibilities when departing downwards from the guidelines. See United States v. Flinn, 987 F.2d 1497, 1501-03 (10th Cir.1993) (findings requirement ensures uniformity and proportionality in guidelines application). The absence of a sufficient explanation for the departure, however, does not always require a remand. A remand is unnecessary where we are satisfied that the district court would impose the same reasonable sentence even if we required the court to better articulate its reasoning. United States v. St. Julian, 966 F.2d 564, 569 (10th Cir.), cert.denied, 113 S.Ct. 348 (1992). Accord United States v. Tsosie, 14 F.3d 1438, 1444 (10th Cir.1994).
 
 III.
 
 16
 Applying Maldonado-Campos, we conclude that the circumstances of Defendant's case justify a downward departure from the guidelines range. The Sentencing Commission expressly recognizes assistance to authorities, including the risk of injury from such assistance, and duress and coercion as grounds for a downward departure. U.S.S.G. 5K1.1 & 5K2.12. Defendant's assistance to authorities alone justifies the district court's downward departure. Bowser v. United States, 941 F.2d 1019, 1023 (10th Cir.1991) (single mitigating circumstance sufficient to justify downward departure). Defendant argues, however, that the district court's degree of departure was unreasonable because the court failed to consider and specify all relevant factors in reaching its sentencing decision.
 
 A.
 
 17
 In determining whether the degree of downward departure is reasonable, 18 U.S.C. 3742(e)(3) governs our review. Section 3742(e)(3) directs us to consider not only the district court's stated justifications for the degree of departure, but also other relevant factors such as: (1) the seriousness of the offense; (2) the need for just punishment; (3) deterrence; (4) protection of the public; (5) correctional treatment; (6) guideline patterns and policy statements; and (7) sentencing disparity. 18 U.S.C. 3742(e)(3). See also Tsosie, 14 F.3d at 1443.[6]
 
 
 18
 We have endorsed a deferential standard in our review of a district court's decision about the degree of departure. Bowser, 941 F.2d at 1026. " '[I]n determining the reasonableness of the degree of departure ... we should afford the trial judge due deference and not lightly overturn determinations of the appropriate degree of departure.' " United States v. Russell, 905 F.2d 1450, 1456 (10th Cir.) (quoting United States v. White, 893 F.2d 276, 279 (10th Cir.1990)), cert.denied, 498 U.S. 904 (1990).
 
 B.
 
 19
 Admittedly, the district court's explanation for the degree of downward departure is sparse. The record reflects that the court accepted the government's sentencing recommendation and acknowledged Defendant's substantial assistance in the conviction of co-defendant John Bolton. Defendant argues that the degree of departure would have been greater yet had the district court considered all the mitigating circumstances.
 
 
 20
 Under Fed.R.Crim.P. 32(c), the district court must permit, and counsel is required to comment on all matters relating to the appropriate sentence. At her sentencing, Defendant did not argue that a greater degree of downward departure was proper based upon the duress and coercion of co-defendant John Bolton. Thus, the district court did not consider the matter. Because Defendant's claim of duress and coercion is entirely factual, she has waived the right to raise it in this court by failing to raise it in the district court. United States v. Saucedo, 950 F.2d 1508, 1519 (10th Cir.1991).
 
 
 21
 In contrast, Defendant requested the district court to consider the risk of injury resulting from her assistance to the government. Defendant's risk of injury, however, is not a basis for a downward departure per se. Rather, the district court may consider the risk of injury to a defendant when determining the degree of a downward departure based upon assistance to the government. U.S.S.G. 5K1.1(a)(4) (reasons for downward departure may include risk of injury to the defendant resulting from assistance).
 
 
 22
 The district court did not make an express finding as to Defendant's risk of injury in this case. The court should have done so. 18 U.S.C. 3553(c) (court "shall state in open court" specific reasons for particular sentence). Complete findings would have facilitated our review and may have forestalled this appeal. Nevertheless, a remand for resentencing is unnecessary. The district court expressly gave great weight to the government's evaluation of Defendant's assistance. U.S.S.G. 5K1.1, application note 3 ("substantial weight should be given to the government's evaluation of the extent of the defendant's assistance"). The government was well aware of the risk of injury to Defendant and presumably considered it in evaluating Defendant's assistance to authorities. The district court sentenced Defendant only after studying the presentence report, evaluating the government's motion for a downward departure, and hearing argument from counsel. See Bowser, 941 F.2d at 1026. We are satisfied that the district court would impose the same sentence on remand. The sentencing decision of the district court is
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Defendant acknowledges that we would lack jurisdiction to consider her appeal if she challenged only the district court's degree of downward departure. United States v. Bromberg, 933 F.2d 895, 896-97 (10th Cir.1991) (extent of downward departure normally not appealable under 3742). By couching her argument in terms of a violation of law under 3742(a)(1), Defendant avoids this pitfall
 
 
 [4]
 Prior to Defendant's sentencing, a jury convicted co-defendant John Bolton on ten counts of criminal misconduct. The district court sentenced Bolton to 85 years imprisonment. Under a plea agreement similar to Defendant's, co-defendant Paul Allen received a sentence of nine years (108 months) imprisonment. The court concluded that Defendant was more culpable than Allen because she had introduced Allen into the criminal scheme. Vol. V, Doc. # 131 at 14-15
 
 
 [5]
 Section 3553(b) states in relevant part:
 (b) Application of guidelines in imposing a sentence.--The court shall impose a sentence of the kind, and within the range, referred to ... unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.
 18 U.S.C. 3553(b). Accord U.S.S.G. 5K2.0.
 
 
 [6]
 Section 3742(e)(3) specifically instructs us to have regard for--
 (A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and
 (B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c).
 18 U.S.C. 3742(e)(3).