UNITED STATES COURT OF APPEALS
**Filed 5/29/96**TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

VICTOR MARTINEZ-LOMELI, aka
Victor Martinez-Gutierrez, aka Javier
Lopez-Martinez,

      Defendant-Appellant.

Case No. 95-4102

(D.C. 95 -CR-13-S)
(District of Utah)

## ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and HENRY, Circuit Judges.

Defendant-Appellant Victor Martinez-Lomeli appeals the sentence entered against him on June 14, 1995, in the United States District Court for the District of Utah, following his plea of guilty to re-entering the United States after deportation in violation of 8 U.S.C. § 1326. We exercise jurisdiction pursuant to 18 U.S.C. §1291 and affirm the sentence imposed by the district court.[1]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P.

Mr. Martinez-Lomeli was sentenced to ninety-four months imprisonment, three years supervised release, and a fine of $7,500.00. On October 16, 1995, Mr. Martinez-Lomeli's counsel, Ms. Deirdre A. Gorman, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), wherein counsel declared that after a thorough review of the record there were no meritorious grounds for appeal. Mr. Martinez-Lomeli was given until November 15, 1995 to respond to the Anders Brief. On November 13, 1995, Mr. Martinez-Lomeli filed a motion which was construed as a request for an extension of time to prepare his response and for a copy of the record. This court extended Mr. Martinez-Lomeli's deadline until December 6, 1995, but refused to grant his request for the record. On December 15, 1995, Mr. Martinez-Lomeli filed a motion entitled "Motion to Withdraw and Dismiss Appeal Without Prejudice." As such, the motion to dismiss was denied, but this motion is now before this court as Mr. Martinez-Lomeli's response to the Anders Brief.

Mr. Martinez-Lomeli raises three issues in his response. First, Mr. Martinez-Lomeli contends that the district court failed to fulfill its obligations under 28 U.S.C. §994 by sentencing him to ninety-four months in prison. Section 994 charged the sentencing commission with establishing fair and reasonable sentencing guidelines. Mr. Martinez-Lomeli's vague allegation is simply inadequate to overturn his sentence. The sentencing guidelines are not unconstitutional, see Unites States v. Mistretta, 488 U.S.

_____

34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

361, 412 (1989), and Mr. Martinez-Lomeli's failure to object to the presentence report when it was presented to the district court constitutes a waiver of the issue on appeal, see United States v. O'Dell, 965 F.2d 937, 938 (10th Cir. 1992); United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir. 1991).

Second, Mr. Martinez-Lomeli argues that because he was denied access to the record, he was not able to adequately prepare a response to the Anders Brief. Mr. Martinez-Lomeli's counsel, Ms. Gorman, states in her Anders Brief that she sent Mr. Martinez-Lomeli "a letter explaining the findings of her conscientious review of the record and copies of the sentencing transcript." Aplt's Br. at 4. Mr. Martinez does not allege that he failed to receive these documents. This court denied Mr. Martinez-Lomeli's request for the record on November 22, 1995. We later announced that his "Motion to Withdraw and Dismiss Appeal Without Prejudice" was to be construed as his response to the Anders Brief. These decisions preclude any further direct review of this issue.[2]

Third, Mr. Martinez-Lomeli argues that Ms. Gorman provided ineffective assistance during the course of this appeal by not conferring with him prior to filing her Anders Brief. He does not claim that Ms. Gorman was ineffective in her representation of him before the district court. The mere filing of an Anders Brief cannot form the basis for a claim of ineffective assistance of counsel and has no bearing on the relief being

---

[2] Likewise, Mr. Martinez-Lomeli's renewed Motion for Production of the Record is hereby denied.

sought by Mr. Martinez-Lomeli on this direct appeal -- relief from the sentence imposed by the district court.

For the forgoing reasons, we AFFIRM the sentence imposed by the district court.

Entered for the Court


Robert H. Henry
Circuit Judge