UNITED STATES COURT OF APPEALS
**Filed 7/10/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JANIS L. HORTON,

     Defendant-Appellant.

No. 96-3033
(Dist. of KS)
(D.C. No. 94-CR-10038)

## ORDER AND JUDGMENT*

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Janis L. Horton appeals the district court's refusal to grant a further downward departure of the sentence she received. She asserts that this court has jurisdiction because the district court mistakenly believed that it lacked the authority to depart downward. For the reasons stated below, we affirm.

Horton has previously presented appellate issues concerning her sentence to this court. The relevant facts from that prior appeal are as follows. On August 30, 1994, Horton pleaded guilty to Counts 1, 2, 3, 5, and 7 of a ten-count indictment, which included four robbery charges and one firearms charge. The presentence report set Horton's Guidelines range at 147 to 168 months. Upon the government's motion, the district court departed downward from the applicable Guidelines range based upon the "substantial assistance" her cooperation provided to the prosecution of her codefendants. *See* U.S.S.G. § 5K1.1. Horton received a sentence of two consecutive 60 month terms of imprisonment.

Horton appealed the downward departure, asserting that the district court failed to adequately state "the specific reason" for the downward departure. Nevertheless, this court affirmed. *See United States v. Horton*, 67 F.3d 312 (10th Cir. 1995) (table disposition) (available at 1995 WL 590517). Horton next brought a motion pursuant to 18 U.S.C. § 3553(b) for further downward departure, arguing that extraordinary family circumstances, involving her six children who are now in separate foster homes and face the prospect of separate

adoptions, present mitigating circumstances warranting a downward departure. *See* U.S.S.G. § 5H1.6.

Horton first presented her motion to the district court. The Government submitted a brief opposing the downward departure. The district court stated in its Memorandum Order, "At the time of sentencing, the court was fully aware of her plight and acquiesced in the government's motion for departure in light of her assistance. Given the enormity of her acts, the court was not willing to further depart, certainly to the extent that somehow she would be released from custody." The court then denied her motion. Upon Horton's subsequent motion for reconsideration, the district court repeated, "In reaching a decision here, as previously indicated, the court is fully aware of her plight and the consequences of her incarceration. The motion now before the court has been fully addressed and should be denied." This appeal followed.

At the outset, Horton concedes that this court "lacks jurisdiction to review a district court's discretionary refusal to grant a downward departure." *United States v. Fitzherbert*, 13 F.3d 340, 344 (10th Cir. 1993), *cert. denied*, — U.S. —, 114 S. Ct. 1627 (1994). But she argues that this court does have jurisdiction because the district court mistakenly believed that it lacked the authority to depart from the Guidelines range. She quotes from the Memorandum Order of the district court, "In this court's view, unless the government acquiesces in such a

departure, this court is duty-bound to follow the sentencing guidelines which pertain to the sentence imposed on this defendant."

We have elsewhere held that, "If the record is ambiguous concerning the district court's awareness of its discretion to depart downward, we presume the court was aware of its authority." *United States v. Nelson*, 54 F.3d 1540, 1544 (10th Cir. 1995). "Accordingly, unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision." *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).

The district court's statements in context at most exhibit ambiguity concerning its discretionary authority to depart downward. We thus presume that the district court was aware of its authority. The district court did expressly indicate that it was aware of Horton's plight at the time of the sentencing and thus acquiesced in the Government's motion for a downward departure. The district court made plain its conclusion that Horton had not presented any new evidence which would merit a further downward departure.

What the district court expressed in the sentence quoted by Horton is the requirement that it apply Guidelines factors in determining whether the circumstances warrant a further downward departure. Its reference to the Government at best creates some ambiguity. But under *Nelson* and *Rodriguez*,

the language used by the district court must unambiguously state that the court believed it lacked authority. *Nelson*, 54 F.3d at 1544; *Rodriguez*, 30 F.3d at 1319. In the absence of this unambiguous statement, this court lacks jurisdiction to review the district's court's discretionary decision not to depart downward from the Guidlelines range.

Horton's appeal is hereby **DISMISSED** for lack of appellate jurisdiction.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge