53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Appellee,
v.
Kenneth Alan LOWE, Appellant.
 No. 94-5152.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before KELLY and BARRETT, Circuit Judges, and OWEN, District Judge.[2]
 KELLY
 Mr. Lowe appeals the 297-month sentence imposed by the district court for his violation of 18 U.S.C. 2314 and 18 U.S.C.1951-52. He contends that the lower court misapplied the United States Sentencing Guidelines by creating an artificial criminal history category of VIII in order to upwardly depart under U.S.S.G. 4A1.3.[3] We have jurisdiction under 28 U.S.C. 1291 and 18 U.S.C. 3742(a), and we remand this case to the district court for resentencing.
 The parties are familiar with the facts of this case, and we will not restate them here. The only relevant fact to this appeal is that the district court departed upward by creating an artificial criminal history category of "VIII," which exceeded the Sentencing Guidelines' stated maximum of "VI." Mr. Lowe contends that the district erred by so doing, and we agree.
 Until his appeal, Mr. Lowe failed to object to the district court's upward departure. Consequently, we review the lower court's application of the Sentencing Guidelines for plain error. See United States v. Nelson, 36 F.3d 1001, 1003 (10th Cir.1994); United States v. Smith, 919 F.2d 123, 124 (10th Cir.1990); Fed.R.Crim.P. 52(b). We recognize that a district court has discretion in appraising criminal history and may upwardly depart where the criminal history category underrepresents the defendant's past criminal activity. U.S.S.G. 4A1.3; United States v. Jackson, 921 F.2d 985, 988 (10th Cir.1990) (en banc).
 In this case, however, the lower court created a criminal history category beyond that established by the Sentencing Commission. This means of upwardly departing stands in direct conflict with the Commission's 1992 amendment to 4A1.3:
 [w]here the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History VI until it finds a guideline range appropriate to the case.
 U.S.S.G. 4A1.3, p.s. (emphasis added). " '[I]nstead of hypothesizing a criminal history range more than VI, the guidelines require a sentencing court to look to the other axis and consider the available ranges from higher offense levels.' " United States v. Okane, --- F.3d ----, 1995 WL 145017, at * 9 n. 6 (10th Cir. April 3, 1995) (quoting United States v. Carr, 5 F.3d 986, 984 (6th Cir.1993)). We are obligated to give authoritative weight to the Guidelines' commentary, including its policy statements, unless, of course, they conflict with federal law or are otherwise plainly erroneous. See Stinson v. United States, 113 S.Ct. 1913, 1917 (1993). Hence, we remand this case to the district court for resentencing in accordance with the 1992 amendment to 4A1.3.
 REMANDED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Honorable Richard Owen, Senior United States District Judge for the Southern District of New York, sitting by designation
 
 
 [3]
 Mr. Lowe raises other issues, but we find this issue to be dispositive of his appeal