**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH ALAN LOWE,

Defendant - Appellant.

No. 95-5206
D.C. No. 93-CR-186-B

ORDER

Filed January 31, 1997

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

The appellant's motion to modify the court's opinion filed on January 2, 1997, is granted. That opinion is withdrawn, and the court's opinion, as modified, is filed herewith. Please destroy all copies of the previously filed opinion.

The petition for rehearing filed with respect to the opinion filed on January 2, 1997, is deemed a petition for rehearing of the opinion as modified, and shall be considered by the

court as such unless counsel for the appellant desires to supplement the petition within ten days of this order.

<div style="margin-left: 45%">

Entered for the Court
PATRICK FISHER, Clerk of Court


by:  Ardell Schuler
     Deputy Clerk

</div>

F I L E D
United States Court of Appeals
Tenth Circuit

FEB 3 1997

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH ALAN LOWE,

Defendant - Appellant.

No. 95-5206

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. NO. 93-CR-186-B)**

SUBMITTED ON THE BRIEFS:[*]

John E. Dowdell, Norman & Wohlgemuth, Tulsa, Oklahoma, for Appellant.

Stephen C. Lewis, United States Attorney, and Thomas Scott Woodward, Assistant United States Attorney, Tulsa, Oklahoma, for Appellee.

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

**ANDERSON**, Circuit Judge.

---

Kenneth Alan Lowe appeals his resentencing for conspiracy to transport stolen property across state lines in violation of 18 U.S.C. §§ 371, 2314, and aiding and abetting a robbery that obstructed, delayed and affected interstate commerce in violation of 18 U.S.C. §§ 1951-52. He argues that the district judge improperly departed upward in violation of the Sentencing Guidelines, predetermined his sentence in violation of his due process right to a fair sentencing, and should have recused himself from the resentencing. We affirm.

## BACKGROUND

Lowe was charged in a seven-count indictment with offenses that were part of a conspiracy to commit numerous armed commercial and residential robberies in Oklahoma from January through June, 1991. Lowe acted as the organizer and leader of the conspirators, and committed the offenses while on parole from the California Department of Corrections. Following Lowe's guilty plea on counts one and three of the indictment, the United States Probation Office prepared a presentence investigation report ("PSR") which calculated a total offense level of 29 for both counts,[1] and Criminal History

---

[1]Lowe's offense level was initially 32, but was reduced three points for acceptance of responsibility, pursuant to USSG §3E1.1.

Category VI under the United States Sentencing Commission Guidelines Manual. The PSR also classified Lowe a career offender pursuant to USSG §4B1.1.[2] The Probation Office submitted a sentencing memorandum of factors warranting upward departure. See R. Supp. Vol. I (Sentencing Memorandum). Included among these were prior offenses not used in computing the criminal history category due to their age (USSG §4A1.1, comment. (n.1)) and consolidation for sentencing (USSG §4A1.1(f)).

Based on the Probation Office's sentencing memorandum, the district court departed upward from the recommended guideline range of 155 to 188 months by creating an artificial criminal history category VIII, and imposed a sentence of 297 months. See United States v. Lowe, No. 94-5152, 1995 WL 250818, at *1 (10th Cir. Apr. 28, 1995). Lowe appealed the sentence, and we remanded with instructions that the district court resentence Lowe according to the methodology for upward departures from Criminal History Category VI in the 1992 amendments to USSG §4A1.3.[3]

---

[2] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense or conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior convictions of either a crime of violence or a controlled substance offense." USSG §4B1.1.

[3] Id. ("[w]here the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History VI until it finds a guideline range appropriate to the case.") (quoting USSG §4A1.3, p.s.).

Prior to resentencing, Lowe filed a motion pursuant to 28 U.S.C. § 455(a), to disqualify the district judge, Thomas R. Brett, from the resentencing based upon comments the judge made in an unrelated proceeding. Lowe alleged that the comments demonstrated the judge's partiality and prejudgment of the resentencing.[4] The judge denied Lowe's motion. Br. of Appellant at 11. This court then denied Lowe's petition for a writ of mandamus which sought an order compelling the judge to disqualify himself. Lowe v. Brett, No. 95-718 (10th Cir. July 2, 1995).

At the resentencing hearing, the district court made clear that it was proceeding with a new sentencing and offered the defendant an opportunity to review the PSR and lodge any objections. See R. Vol. II at 2-4, 11 (Sept. 22, 1995 Hearing Tr.). Lowe made no objections to the facts contained in the PSR, and the district court adopted the PSR's

---

[4]Br. of Appellant at 11. During a discussion about downward departure in another case, Judge Brett stated:

> I get kind of mentally emotional and upset over these sentencing guidelines in cases from time to time and sit around and tilt at windmills trying to come up with legitimate grounds for departure, which I do every once in a while, and there's a court out there in Denver that quite frequently throws those back at me.
> I've been wrestling with one recently here . . . . The circumstances were such that I thought my job was just warehouse that fellow for the next 20 years if I could, so I upward departed, and I received an opinion back about two weeks ago from them that they didn't understand how I arrived at that upward departure, and now I'm trying to figure out how to do that again, and frankly I kind of despair. It's kind of a charade, you know.

Id. at 10.

findings as well as the Probation Office's calculation of offense level 29 and criminal history category VI. Id. at 11, 37.

Defense counsel stated that his objections at the resentencing hearing were "really limited to these upward versus downward departure issues, and that's all." Id. at 11. Lowe argued that his sentence should not be enhanced because the career offender provision had already adequately accounted for his criminal history. Id. at 24-26, 34.

Over defense counsel's objections, the district court found that there were several grounds for upward departure. The court carefully tied its departure to the Guidelines by making an incremental increase from offense level 29 to offense level 31 under Criminal History Category VI to a guideline range of 188 to 235 months. The court imposed a sentence at the high end of that range--228 months for count three and 60 months for count one, to run concurrently. Id. at 43.

Lowe argues that: (1) the district court erroneously enhanced his sentence pursuant to USSG §4A1.3 because his status as a career offender adequately represented his criminal past, and his relatively low criminal history score did not warrant an upward departure from criminal history category VI; (2) the district court did not adequately articulate the basis for its upward departure from the Guidelines; (3) the district court violated his due process right to a fair and unbiased sentencing by determining the sentence prior to the resentencing hearing; and (4) the district judge should have recused himself from the resentencing pursuant to 28 U.S.C. § 455(a).

**DISCUSSION**

We review a departure from the Sentencing Guidelines for abuse of discretion. Koon v. United States, __ U.S. __, __, 116 S. Ct. 2035, 2047-48 (1996). A district court is required to impose a sentence within the Guidelines unless it determines "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). In order for the district court to depart from the Guidelines, "certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." Koon, 116 S. Ct. at 2046.[5] The district court's decision to depart from the Guidelines "will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." Id. at 2046.

**A.**

The Sentencing Guidelines allow departure when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the

---

[5]The Supreme Court adopted the following inquiry that a sentencing court must make before departing from the Guidelines: "'1) What features of this case, potentially, take it outside the Guidelines' 'heartland' and make of it a special, or unusual, case? 2) Has the Commission forbidden departures based on those features? 3) If not, has the Commission encouraged departures based on those features? 4) If not, has the Commission discouraged departures based on those features?'" Koon, 116 S. Ct. at 2045 (quoting United States v. Rivera, 994 F.2d 942, 949 (1st Cir. 1993)).

defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." USSG §4A1.3, p.s. Furthermore, the Sentencing Commission determined:

> [T]here may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted. In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record.

Id. Thus, although district courts should rarely depart upward from category VI, it is within their discretion to do so. See, e.g., United States v. Kalady, 941 F.2d 1090, 1099 (10th Cir. 1991) (upholding upward departure from Category VI); United States v. Whitehead, 912 F.2d 448, 453 (10th Cir. 1990) (same).

Lowe argues that district courts should not depart upward from Criminal History Category VI where the defendant is also a career offender, noting that no reported Tenth Circuit opinion has approved a departure in these circumstances. However, the Guidelines do not prohibit such departures, and the career offender provision's policy is to sentence defendants at or near the statutory maximum.[6] USSG §4B1.1, comment. (backg'd.). We agree with the Ninth Circuit that it is permissible to depart upward from

---

[6]For Lowe, the statutory maximum sentence was five years under 18 U.S.C. § 371, and twenty years under 18 U.S.C. §§ 1951, 1952, for a total statutory maximum sentence of twenty-five (25) years. R. Supp. Vol. I at 1 (PSR).

Criminal History Category VI when the defendant is also a career offender. See United States v. Streit, 17 F.3d 306, 308 (9th Cir. 1994).

The district court based its decision to depart on three factors, all of which are recognized by the Guidelines and are independent of Lowe's status as a career offender. First, the court added three points to Lowe's criminal history for offenses not used for his career offender status, and not counted in his criminal history score because they occurred outside the applicable time period in USSG §4A1.2(e): one point for grand theft of an automobile and two points for escape. The Guidelines provide that "[i]f the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3." USSG §4A1.2, comment. (n.8); see also United States v. Russell, 905 F.2d 1439, 1444 (10th Cir. 1990); United States v. Beasley, 90 F.3d 400, 403 (9th Cir. 1996).

Second, the court added four criminal history points to Lowe's score for prior violent offenses that were not counted because they were consolidated for sentencing, and which were different from those used to classify Lowe as a career offender. See R. Supp. Vol. I at 10, 16 (PSR). Lowe was convicted of burglaries and rapes that occurred on seven different occasions and resulted in sentences of eleven years and four months, eight years, and two sentences of seven years. However, because these cases were consolidated into two sentencing cases, he received only nine criminal history points for the

convictions pursuant to the restrictions in USSG §§4A1.1(a), 4A1.1(f), and 4A1.2(a)(2).[7] The Guidelines expressly permit upward departure based on "prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions." USSG §4A1.3(b); see also United States v. Carter, 953 F.2d 1449, 1460 (5th Cir. 1992).[8]

Third, the court determined that similarity between the instant offense and Lowe's criminal past was an additional ground for departure. Lowe's juvenile and adult records of robberies and burglaries are similar to his current offenses involving a series of robberies, and are permissible grounds for departure. See USSG §§4A1.1, comment. (backg'd.), 4A1.3(c); see also United States v. Jackson, 903 F.2d 1313, 1320 (10th Cir.),

---

[7]The Guidelines limit the number of criminal history points that may be added to a defendant's score for convictions that were consolidated for sentencing: "Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points . . . because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item." USSG §4A1.1(f) (emphasis added).

[8]The PSR and district court mistakenly cited USSG §4A1.2, comment. (n.2) as support for departure. The comment in note two simply describes the meaning of sentence of imprisonment as used in the Guidelines. The district court's citation to the wrong comment, however, is not fatal to sentencing. Even if the district court's reasoning or explanation on this particular point was made unclear by its citation of the wrong subsection, our responsibility requires a remand "only when the court of appeals believes the district court would not have imposed the same sentence in the absence of the error." United States v. O'Dell, 965 F.2d 937, 939 (10th Cir. 1992); see also United States v. Tisdale, 7 F.3d 957, 965 n.8 (10th Cir. 1993). We are satisfied that the district court judge would impose the same sentence absent the error.

rev'd on other grounds, 921 F.2d 985 (10th Cir. 1990) (en banc); United States v. Russell, 905 F.2d 1450, 1455 (10th Cir. 1990).

Based on the cited Guidelines and authorities, these reasons adequately justify the court's decision to depart upward. See Koon, 116 S. Ct. at 2045-46.

We are unpersuaded by Lowe's additional argument that upward departure from Criminal History Category VI should be reserved only for defendants with criminal history scores well above 13, and not for defendants like Lowe, with scores of only 16. In United States v. Russell, 905 F.2d at 1454, we upheld an upward departure for a defendant who, like Lowe, was in Criminal History Category VI and had a criminal history score of 16. In Russell, we focused on the court's cited reasons for departure rather than the fact that the defendant had only 16 criminal history points. Id. at 1455. The judge here cited several reasons permitted by the Guidelines to support the upward departure, and noted that the Guidelines state that "the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." R. Vol. II at 39 (Sept. 22, 1995, Hearing Tr.) (quoting USSG §4A1.3, p.s.).

## B.

Also, despite Lowe's arguments to the contrary, the district court did explain the basis for the degree of departure which it imposed. See United States v. Yates, 22 F.3d

981, 990 (10th Cir. 1994). In accordance with this court's order on remand, the district court explained that Lowe's criminal history score should have included additional points for the older and consolidated convictions, and stated:

> Mr. Lowe's criminal history points currently calculated at 16, with these additional points should in actuality be 23. Using the standard directed in 4A1.3, the Court determines it's justified in moving down two offense levels corresponding to the two extrapolated criminal history categories, which results in an upward departure guideline range of from 188 to 235 months, which is to level 31 criminal history category number VI.
>      . . . The upper end of this guideline range is still in excess of five years less than the 25-year maximum sentence provided by statute, that is by the law, by the United States Congress when passed.

R. Vol. II at 42-43 (Sept. 22, 1995, Hearing Tr.).

Upward departure based on an underrepresentative criminal history score should ordinarily involve an enhancement to a higher criminal history category, not a higher offense level, except under Criminal History Category VI. See United States v. Okane, 52 F.3d 828, 833 & n.5 (10th Cir. 1995). Here, the district court apparently determined that an upward departure would have increased Lowe's criminal history category two categories if such categories existed, but, in accordance with USSG §4A1.3 and our instructions on remand, the court increased Lowe's offense level by two levels instead. This method for determining the degree of departure was reasonable, see United States v. Harris, 907 F.2d 121, 123-24 (10th Cir. 1990), and was no abuse of discretion.

## C.

Lowe argues that the district judge should have recused himself pursuant to 28 U.S.C. § 455(a) because the judge was biased against him.[9] Lowe also argues that the district judge determined his sentence prior to the resentencing hearing in violation of his due process right to a fair sentencing.

We review the denial of a motion to recuse under § 455(a) for abuse of discretion. United States v. Cooley, 1 F.3d 985, 994 (10th Cir. 1993). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Also, recusal is not normally required where the judge has expressed "a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense." Cooley, 1 F.3d at 993.

Lowe does not challenge the fact that the district judge formed his opinions based on information from judicial sources. Rather, Lowe alleges either that the judge's comments were not opinions, but a prejudgment of Lowe's sentence, or that the judge's comments prior to the resentencing, his conduct during the resentencing, and the sentence

---

[9]28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

-12-

imposed demonstrated a "deep seated antagonism that [made] fair judgment impossible." Br. of Appellant at 32, 34-35 (citing Liteky, 510 U.S. at 555). The judge's comments prior to the resentencing expressed his concerns about the defendant and the Sentencing Guidelines and not a prejudgment of or deep-seated antagonism against Lowe. Moreover, as discussed above, the sentence imposed was proper according to principles in the Sentencing Guidelines, and the judge conducted the resentencing fairly and properly. Thus, the judge did not abuse his discretion in denying Lowe's recusal motion.

To state a due process claim that a judge was biased, defendant must show either that actual bias existed, or that an appearance of bias created a conclusive presumption of actual bias. See Fero v. Kerby, 39 F.3d 1462, 1478 (10th Cir. 1994), cert. denied, 115 S. Ct. 2278 (1995). Lowe alleges that the trial judge was actually biased against him because "the court expressed the intention to 'warehouse' Lowe for twenty (20) years and later did so." Br. of Appellant at 31. To support his claim, Lowe relies on United States v. Pugliese, 805 F.2d 1117 (2d Cir. 1986). In Pugliese, the Second Circuit determined that the district court, based on unreliable information in the presentence report, "announced its 'unalterable' conclusion" that the defendants were involved in the attempted murder of a witness in violation of "the due process obligations imposed on a sentencing court to consider only reliable and accurate information." Id. at 1124. In this case, Judge Brett based the sentence only on reliable, undisputed information in the presentence report, and never announced an "unalterable" conclusion concerning Lowe's

sentence prior to the resentencing hearing.  Lowe has failed to show that the district court was biased in violation of his due process right to a fair sentencing.

For the foregoing reasons, we AFFIRM the sentence imposed.