**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ADRIAN MIKE,

      Defendant - Appellant.

No. 98-2219
(D.C. No. CR-97-676-LH)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Adrian Mike appeals a two-level increase in his sentence for sexually abusing a minor. We have jurisdiction pursuant to 28 U.S.C. § 1291, 18 U.S.C. § 3742 (a)(1) & (2), and Fed. R. App. P. 4(b), and affirm.

Appellant Mike pled guilty to sexually abusing a sixteen-year-old girl. The Presentence Report ("PSR") calculated a sentence range of between 63 and 78 months in jail. The district court adopted the PSR's factual findings and

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

application of the United States Sentencing Guidelines ("U.S.S.G."). But applying 18 U.S.C. § 3553 and U.S.S.G. § 5K2.0, the court increased appellant's sentence by two levels, ultimately sentencing him to an 83-month prison term to be followed by three years of supervised released.

Mike argues that the district court erred in departing upward pursuant to U.S.S.G. § 5K2.0. We review a decision to depart from the Guidelines for abuse of discretion. See United States v. Lowe, 106 F.3d 1498, 1501 (10th Cir. 1997). "[T]he sentencing court may impose a sentence outside the [guideline range] if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.'" U.S.S.G. § 5K2.0, p.s. (quoting 18 U.S.C. § 3553(b)). In applying § 5K2.0, a court may consider whether "the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim." U.S.S.G. § 5K2.8, p.s. Torturing a victim and "gratuitous infliction of injury, or prolonging of pain or humiliation" are examples of conduct warranting an increase in sentence. Id.

The record shows that appellant had sexual intercourse with an unconscious minor. He and two minors, acting at his direction, also sexually assaulted the victim with foreign objects resulting in severe damage to her vaginal area. Appellant then left the victim unconscious overnight in an open field. The

sentencing court correctly found that appellant's conduct was unusually heinous, cruel, and degrading, thus removing his case from the "heartland" of sexual assault cases and warranting a two-level increase in his sentence under U.S.S.G. §§ 5K2.0 and 5K2.8. See United States v. Lewis, 115 F.3d 1531, 1538-39 (11th Cir. 1997) (holding forcible sexual abuse justifies upward departure under § 5K2.8).

Under these circumstances, the increase in appellant's sentence was reasonable, exceeding by only five months the upper limit of the sentence calculated in the PSR. The factual record sufficiently supports the district court's stated reasons for its upward departure. Discerning no abuse of discretion in the district court's decision, we reject all of appellant's challenges to his sentence.

AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge