**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL L. HILL,

    Defendant-Appellant.

No. 00-3044
(D.C. No. 98-CR-10050)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

On December 7, 1998, Defendant-Appellant Michael L. Hill ("Hill") pled guilty to a charge of making a false statement in violation of 18 U.S.C. § 1001(a)(2) in the United States District Court for the District of Kansas. The district court sentenced Hill to four months incarceration followed by a three year term of supervised release. In connection with his sentence, Hill was also

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

required to undergo drug testing, to pay restitution, to provide access to any financial information requested by the United States Probation Office, and to report any purchases over $500 in the month that the purchase was made.

Hill appeared before the district court on August 30, 1999 on a motion for revocation of his supervised release. Hill admitted to the violations of the supervised release alleged in the motion. The district court informed Hill that he had the option of either (1) serving a six month sentence if his supervised release were revoked that day, or (2) reinstatement of the supervised release, subject to modified conditions, with the promise that any further violations would result in a nine month sentence. Hill opted for reinstatement. The district court modified the conditions of Hill's supervised release to require that he participate in a mental health program to be determined by the United States Probation Office.

The United States Probation Office again filed a petition to revoke Hill's supervised release, and the district court held an evidentiary hearing on February 7, 2000. The court found that Hill had violated two conditions of his supervised release, in that he had failed to participate successfully in mental health counseling and had failed to provide information requested by the Probation Office pertaining to his financial affairs. Based on these findings, the district court revoked the supervised release and sentenced Hill to nine months confinement.

Hill's attorney has determined that Hill's appeal of the district court's decision to revoke his supervised release and impose a nine month confinement is without merit. Hill's attorney has therefore filed a motion to withdraw as attorney of record and a corresponding Anders brief outlining Hill's apparent grounds for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Anders requires that such a brief must refer to "anything in the record that might arguably support the appeal." Id. Consistent with this requirement, counsel informs us that appellant wishes to allege that there was insufficient evidence presented at the February 7, 2000 hearing to warrant revocation of his supervised release. (See Aplt. Br. at 5-6.) Hill also wishes to allege that the district court judge was biased against him when he sentenced Hill to nine months confinement at the February 7, 2000 hearing, and that the judge therefore improperly failed to recuse himself pursuant to 28 U.S.C. § 455(a). (See Aplt. Br. at 7-9.) Hill asserts that the judge's bias against him is evidenced by the fact that the district court judge had predetermined the nine month sentence imposed at the February 7, 2000 hearing six months earlier at the August 30, 1999 hearing.

Hill has filed a brief on his own behalf raising additional arguments on appeal.[1] In addition to the claims set forth in the Anders brief, Hill asserts that

---

[1]We grant Appellee's motion to file a supplemental brief in reply to Hill's response to his defense counsel's Anders brief.

his probation officer was prejudiced against him and that she: (1) conspired with the judge "behind closed doors" at the August 30, 1999 hearing; (2) improperly questioned him about various expenditures; (3) conspired with his mental health doctor to make it difficult for him to comply with the requirement that he participate in mental health counseling; and (4) made contact with the local police in connection with a lawsuit that he had filed against that police department. Finally, Hill contends that his counsel was ineffective and that he therefore entered into an involuntary guilty plea.

We review the district court's decision to revoke Hill's supervised release under an abuse of discretion standard. See United States v. Rockwell, 984 F.2d 1112, 1114 (10th Cir. 1993), abrogated on other grounds by Johnson v. United States, No. 99-5153, 2000 WL 574359 (U.S. May 15, 2000). We review the district court's factual findings in connection with the decision to revoke a defendant's supervised release for clear error. See United States v. Hall, 984 F.2d 387, 390 (10th Cir. 1993). In deciding to revoke Hill's supervised release, the district court concluded that Hill had violated two conditions of his parole. Specifically, the district court found that Hill (1) had failed to participate successfully in an approved mental health treatment program because he had failed to appear on two occasions and was late on two other occasions; and (2) had failed to provide his probation officer with financial information concerning

the sale of his car. (See Aplt. App. Vol. II at 77-78.) Our review of the record in this case indicates that there is sufficient evidence to support the district court's factual findings concerning Hill's violations of the conditions of his supervised release. We therefore hold that the district court did not abuse its discretion in revoking Hill's supervision.

With respect to Hill's claim of bias on the part of the judge, we find that it is also without merit. We review the denial of a motion to recuse pursuant to § 455(a) under an abuse of discretion standard. See United States v. Lowe, 106 F.3d 1498, 1504 (10th Cir. 1997). As an initial matter, we must observe that Hill did not file a motion requesting that the district court judge recuse himself from the case at the time of the February 7, 2000 hearing. Given that Hill was aware of the alleged basis for the district court's bias (i.e., the predetermination of his nine month sentence at the August 30, 1999 hearing) prior to the February 7, 2000 hearing, we are unsympathetic to the argument that the district court judge should have recused himself sua sponte. In any event, we cannot conclude the district court judge erred in failing to recuse himself because Hill has not shown bias. "'[O]pinions formed by the judge on the basis of facts introduced or events occurring in the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" Id. (quoting Liteky v.

United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)).

Because we find no evidence of a "deep-seated favoritism or antagonism" on the

part of the trial judge in this case, we conclude that it was entirely permissible for

the judge to refer to the August 30, 1999 sentencing hearing in determining Hill's

sentence at the February 7, 2000 hearing.

We further conclude that Hill is not entitled to relief based on any of his

allegations against his probation officer. Because the United States Probation

Office is a branch of the federal judiciary, and a probation officer serves as "an

investigatory and supervisory arm" of the sentencing court, see United States v.

Davis, 151 F.3d 1304, 1306 (10th Cir. 1998) (citation and quotations omitted), we

are doubtful that a probation officer could conspire with a sentencing judge by

making sentencing recommendations. Regardless, Hill does not indicate the

evidentiary basis for his assertion that his probation officer conspired with the

judge, and, without some indicia of reliability, we cannot conclude that the

allegation has merit. Hill's remaining claims against the probation officer are

conclusory and all appear to pertain to actions taken by the probation officer

within the normal scope of her duties supervising the defendant. We therefore

find that they do not warrant reversal either.

Finally, we find that we lack jurisdiction over Hill's claim that his trial

counsel was ineffective. This case is only an appeal of the district court's

decision to revoke Hill's supervised release (<u>see</u> Doc. 76), and we are therefore without jurisdiction to consider the voluntariness of Hill's guilty plea.

For the reasons stated above, we AFFIRM the judgment and sentence of the district court and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge