**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD CHARLES REED,

Defendant-Appellant.

No. 00-6253
(D.C. No. 00-CR-1-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Ronald Charles Reed pleaded guilty to two counts of using a counterfeit access device, that is, counterfeit credit cards, in violation of 18 U.S.C. § 1029(a)(1). He was sentenced to fifty-one months in prison followed by three years' supervised release on each count, to run concurrently, and was ordered to pay a fine, a special assessment and restitution. He appeals the district court's determination of his sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

The presentence report indicated that Reed manufactured, distributed and used counterfeit credit cards. Under the United States Sentencing Guidelines (1998 edition), the base offense level for violation of 18 U.S.C. § 1029(a) was six. USSG § 2F1.1(a). Special offense characteristics for an intended loss exceeding $40,000 and more than minimal planning and/or one victim raised the offense level to thirteen. § 2F1.1(b)(1), (2). The district court determined that Reed was a leader or organizer of criminal activity and added two levels, § 3B1.1(c), but declined to give him an adjustment for acceptance of responsibility. § 3E1.1. Because Reed's initial criminal history score failed to reflect numerous prior convictions, numerous arrests without convictions, and pending charges, the court determined that an upward departure in Reed's criminal history category was warranted, increasing it from Category IV to

Category VI. §§ 5K2.0, 4A1.3. The resulting sentencing range was forty-one to fifty-one months, and the court sentenced Reed to fifty-one months.

On appeal, Reed challenges the district court's decision to increase his offense level for his role as a leader/organizer, its refusal to grant an adjustment for acceptance of responsibility, and its upward departure in his criminal history. He also contends that the sentence imposed violates *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). We address each of these arguments in turn.

We review the court's finding that Reed was a leader or organizer of criminal activity for clear error. *United States v. Tagore*, 158 F.3d 1124, 1130 (10th Cir. 1998). In determining whether a defendant's actions warrant this enhancement,

> the court should consider the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense and the degree of control and authority exercised over others. We have held that section 3B1.1(c) is satisfied upon a mere showing that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme.

*United States v. Baez-Acuna*, 54 F.3d 634, 638-39 (10th Cir. 1995) (quotations, citations and alterations omitted). The evidence showed that Reed manufactured and distributed to several individuals, including his son, counterfeit credit cards and counterfeit identification, that these individuals recruited at least one other

person to use the credit cards to buy merchandise or get cash advances, and that these individuals returned some of the proceeds from the use of the credit cards to Reed. The fraudulent cards had a limited period of usefulness because they could be used only until the true owner of the cards received a statement showing fraudulent charges. This and other evidence created a reasonable inference that Reed supplied new fraudulent cards to these individuals on an on-going basis and that he was at the head of this criminal activity because he manufactured the counterfeit cards and got each operation started. Based on this evidence, we cannot say that the court's finding that Reed was a leader or organizer of the criminal activity was clearly erroneous.

Reed contends that because he timely agreed to plead guilty and save the government the expense of preparing for trial and because he should not be held responsible for the conduct of others, the district court clearly erred in denying him an adjustment for acceptance of responsibility. We review the district court's denial of a reduction for acceptance of responsibility for clear error. *United States v. Nichols*, 229 F.3d 975, 978 (10th Cir. 2000). Alternatively, he contends the district court should not have imposed a five-level increase for relevant conduct. [1]

_____

[1]    The five-level increase actually was for the amount of intended loss, most of which stemmed from the relevant conduct of others for whom Reed was found

(continued...)

-4-

The district court refused to adjust Reed's offense level for acceptance of responsibility because the court concluded he frivolously had denied his involvement in a variety of relevant conduct--virtually the same activity on which the court relied in finding him a leader/organizer--until just prior to the sentencing hearing. In fact, even at the sentencing hearing, Reed continued to deny his involvement in the relevant conduct (as he does on appeal). But he withdrew his objections to the presentence report's recommendations regarding relevant conduct under the idea, apparently with the backing of the government, that he would then be able to get a reduction for acceptance of responsibility, likening his action to an *Alford*[2] plea.

With respect to his contention regarding the five-level increase for relevant conduct, Reed's withdrawal of his objection to the presentence report regarding relevant conduct acts as an admission of those facts, and we will not consider this contention on appeal. *See* *United States v. Green*, 175 F.3d 822, 837-38 (10th Cir. 1999). Admission of these facts, however, does not necessarily mean that Reed has accepted responsibility for the relevant conduct. *See* *United States v. Cruz Camacho*, 137 F.3d 1220, 1226 (10th Cir. 1998) ("A defendant who falsely denies or frivolously contests, relevant conduct that the court determines

[1](...continued)
to be leader or organizer.

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

to be true has acted in a manner inconsistent with acceptance of responsibility.")
(quotations omitted); *see also United States v. Harlan*, 35 F.3d 176, 181 (5th Cir.
1994) (holding that "whether a defendant has entered an *Alford* plea in which he
maintains his innocence and refuses to acknowledge his conduct in the offense is
a relevant factor in the acceptance of responsibility determination"). Moreover,
the timeliness of a defendant's admission of relevant conduct may also be
considered in the acceptance-of-responsibility determination, USSG § 3E1.1,
cmt. (n.6), and the court noted that Reed's belated withdrawal of his objections
created unnecessary work for the court and government. Given Reed's continuing
denial of the relevant conduct and the last-minute withdrawal of his objections,
the court clearly did not err in denying Reed an adjustment for acceptance of
responsibility.

Reed next contends that the court erred in departing upwardly in his
criminal history level because it relied on prior convictions that were too old to
be counted under the Sentencing Guidelines. The district court noted that Reed
had twenty-two prior offenses, but only three were counted in determining his
initial criminal history score because of their age. If all prior convictions had
been counted, Reed would have had thirty-nine criminal history points, well more
than the thirteen required for criminal history Category VI. The court determined
that Reed's initial criminal history category did not adequately represent his prior

criminal conduct or the likelihood he would commit other crimes, and therefore departed upwardly.

Contrary to Reed's argument, the Sentencing Guidelines do not prohibit the consideration of offenses outside the applicable time period in USSG § 4A1.2(e) when determining whether to depart upwardly. *United States v. Lowe*, 106 F.3d 1498, 1502 (10th Cir. 1997). Moreover, the district court also relied on Reed's numerous other arrests and pending charges in deciding to depart. Applying an abuse-of-discretion standard, *Koon v. United States*, 518 U.S. 81, 91 (1996), we see no error in the court's determination that an upward departure was warranted.

Finally, Reed contends that use of his relevant conduct to increase his sentencing range violated *Apprendi* because this conduct was neither charged in the indictment nor found by a jury. *See Apprendi*, 120 S. Ct. at 2362-63 (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The district court did use Reed's relevant conduct to increase his sentence, but the sentence it imposed did not exceed the statutory maximum of ten years for violation of 18 U.S.C. § 1029(a)(1). Enhancing a sentence in this manner does not violate *Apprendi*. *United States v. Heckard*, 238 F.3d 1222, 1235-36 (10th Cir. 2001).

The judgment of the district court is AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge